UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 1 of 9 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF PEZ SEAFOOD'S MOTION TO REMAND [26]**

On May 20, 2020, Plaintiff Pez Seafood DTLA, LLC filed its First Amended Complaint in Los Angeles County Superior Court against Defendants Travelers Indemnity Company ("Travelers") and Muntu Davis, Los Angeles County's Health Officer. Ex. A "FAC" [Doc. # 1-2.] The FAC contains causes of action for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. *See generally id.* On May 27, 2020, Travelers removed the action to this Court. Notice of Removal ("NOR") [Doc. # 1]. On June 25, 2020, Plaintiff filed the instant Motion to Remand ("MTR") the action to state court. [Doc. # 26.] The MTR is now fully briefed. Opp. [Doc. # 27]; Reply [Doc. # 28]. For the reasons set forth below, the Court **DENIES** the MTR.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff operates Pez Cantina, a restaurant in Los Angeles. FAC at ¶ 1. On or around January 7, 2020, Plaintiff entered into an insurance agreement (the "Policy") with Travelers to cover lost income at Pez Cantina. *Id.* at ¶¶ 10–11, 16–17, Ex. 1 (the "Policy").

Shortly thereafter, Los Angeles began its attempt to combat and contain the ongoing COVID-19 pandemic. *See* Ctrs. for Disease Control & Prevention, *Coronavirus (COVID-19)*, https://www.cdc.gov/coronavirus/2019-ncov/index.html. On March 15, 2020, Los Angeles Mayor Eric Garcetti issued an order which, among other things, prohibited dine-in food service. FAC at ¶ 22, Ex. 2.[1] The following day, Davis issued a Stay at Home order ("Davis Order") that applied to individuals in Los Angeles County. FAC at ¶ 25, Ex. 5. The Davis Order forbade individuals from gathering in groups of over 50 people and placed physical distancing requirements on smaller gatherings. Davis Order at ¶¶ 1–2.[2]

---

[1] This order was later extended to May 15, 2020. FAC at ¶ 23–24, Ex. 3–4.
[2] The Court will refer to the orders issued by Garcetti and Davis collectively as "Orders."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 2 of 9 |

Plaintiff alleges that, as a result of the Orders, it had to shut down its restaurant, resulting in the "necessary interruption of its business operations" at the property. FAC at ¶ 27. According to Plaintiff, this interruption resulted in "an actual loss of business income" that should be paid by Travelers pursuant to the Policy. Plaintiff alleges, however, that Travelers has refused to pay the full amount that Plaintiff claims is due under the Policy. *Id.* at ¶¶ 28, 31.

Plaintiff's first cause of action, which it brings against both Defendants, requests a declaratory judgment as to the Policy's scope of coverage in light of the Orders. Specifically, Plaintiff asks this Court to determine whether the Orders caused a direct physical loss or prohibition of access to the insured premises within the meaning of the Policy, and whether "claim data expense" coverage is available under the Policy for preparing claim data to show the extent of the loss. *Id.* at ¶¶ 32–38. Plaintiff's second and third causes of action, brought only against Travelers, are for breach of contract and breach of the implied covenant of good faith and fair dealing. *Id.* at ¶¶ 33–65. The parties now dispute whether the Court has jurisdiction to hear the case.

## II.
## LEGAL STANDARD

A federal district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a).[3] A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). Accordingly, "[f]ederal jurisdiction must be rejected if there is any

---

[3] The parties do not dispute that this case places more than $75,000 at issue. *See* NOR at ¶¶ 13–21 (Travelers' argument that the amount in controversy exceeds $75,000); *see generally* MTR (making no counterargument concerning the amount in controversy).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 3 of 9 |

doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.
### DISCUSSION

Plaintiff makes two primary arguments in favor of remand. First, it alleges that the Court lacks jurisdiction over the action because the parties are not completely diverse. MTR at 6–9;[4] *see* 28 U.S.C. § 1332(a)(1). Second, it argues in the alternative that, even if the parties are diverse, the Court should nonetheless remand the declaratory relief claim based on abstention principles and stay the remaining the state-law claims. MTR at 9–12. The Court discusses each argument in turn.

**A.   The Parties are Diverse Because Plaintiff Fraudulently Joined Davis**

Plaintiff and Davis are both citizens of California, while Travelers is a citizen of Connecticut. *Id.* at 6. Despite the seeming lack of complete diversity, Travelers alleges in its NOR that Plaintiff fraudulently joined Davis and that, therefore, the Court should disregard his citizenship for jurisdictional purposes. NOR at ¶¶ 22–34. The Court agrees.

In the Ninth Circuit, a defendant can demonstrate fraudulent joinder in two ways: by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation and internal quotation marks omitted). Travelers argues that Plaintiff has committed the second form of fraudulent joinder. NOR at ¶ 22 ("PEZ has not and cannot establish a cause of action against Muntu Davis . . . .").

Generally, the "'presumption against fraudulent joinder'" means that proving that it has occurred is a "heavy burden" for the party invoking federal jurisdiction. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). Indeed, if there is even "a *possibility* that a state court would find that the complaint states a cause of action against [the allegedly fraudulently joined] defendants, the federal court must find that the joinder was proper and remand the case to state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). By contrast, where the "failure" of a plaintiff's cause of action against a defendant is "obvious

---

[4] All page references herein are to page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 4 of 9 |

according to the settled rules of the state, the joinder of [that] defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiff first argues that the FAC states a claim against Davis in its current form. MTR at 6–8. This argument is belied by a plain reading of the FAC itself. The only claim in the FAC against Davis is the first cause of action for declaratory relief, in which Plaintiff alleges that "[a]n actual controversy has arisen between Plaintiff, TRAVELERS, and DAVIS as to the rights, duties, responsibilities, and obligations of the parties under the Policy as a result of the Orders." *Id.* at ¶ 34.

Crucially, however, any ruling this Court makes as to whether Travelers must pay Plaintiff under the Policy will have no impact on Davis' "rights, duties, responsibilities, and obligations." Where a third party's rights and responsibilities cannot be altered by a court ruling, that party is not properly joined in a contractual dispute between two other parties even where the third party's actions may have impacted the dispute. *See United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002) (applying California law). That is precisely the case here. Regardless of the Court's ultimate determination as to whether the Policy results in coverage under these circumstances, that determination will not impact Davis. Indeed, nothing in Plaintiff's prayer for relief asks for anything from Davis. Nor does it request that the Court alter the Davis Order in any way. *See* FAC at 11–12.

Plaintiff next argues that, even if the FAC currently lacks a valid claim against Davis, it *could* state such a claim if Plaintiff receives leave to amend. *See* Reply at 7–9. Plaintiff contends in its Reply that it could amend its complaint to "add[] additional facts that challenge [Davis'] order" and otherwise "address[] the constitutionality of [Davis'] order."[5] Reply at 8. At first glance, this argument has some merit, given that fraudulent joinder standard requires courts

---

[5] Travelers counters by arguing that the Ninth Circuit actually forbids the addition of new claims to remedy fraudulent joinder. But the cases cited by Travelers in support of this proposition do not discuss fraudulent joinder, but rather deal with which pleading courts must consider for jurisdictional purposes when a plaintiff has filed multiple complaints. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds* by *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989). The Court is aware only of unpublished district court decisions that have imported the rule stated in *Sparta* and *Kruso* into the fraudulent joinder context. *See, e.g.*, *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, No. 17-cv-0637 BRO, 2017 WL 1033970, at *5 n.6 (C.D. Cal. Mar. 17, 2017) ("[D]eclin[ing] to consider causes of action that were not pleaded in the operative complaint to determine whether" a given defendant was fraudulently joined). In the absence of binding authority, the Court declines to adopt a bright-line rule against considering unpled claims in the fraudulent joinder context, particularly given that such a rule may create tension with *Grancare*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|

| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 5 of 9 |
|---|---|---|---|

to "consider . . . whether a deficiency in the complaint can be possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Moreover, Plaintiff would likely receive such leave before a California court because California courts exercise the state's leave to amend policy "liberally in favor of amendments," *see Kittridge Sports Co. v. Superior Court*, 213 Cal. App. 3d 1045, 1047 (1989), and plaintiffs before California courts may typically introduce causes of action for the first time in an amended pleading. *See Ford v. Superior Court*, 34 Cal. App. 3d 338, 343 (1973).

But Plaintiff's position does not withstand any real scrutiny. Courts must remand an action when it appears possible that a plaintiff could plausibly allege a claim against a non-diverse defendant if given leave to amend. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159–60 (C.D. Cal. 2009). But Plaintiff's argument would stretch that already-permissive rule beyond its breaking point because Plaintiff makes no mention of what particular constitutional challenge, or any challenge whatsoever, it plans to bring against the Davis Order. And the Constitution provides many potential avenues for challenging a local government's order.[6] Indeed, plaintiffs around the country have challenged similar local mandates under, *inter alia*, the First Amendment, *see Antietam Battlefield KOA v. Hogan*, 2020 WL 2556496, at *12 (D. Md. May 20, 2020), the Fourth Amendment, *see Henry v. DeSantis*, 2020 WL 2479447, at *8 (S.D. Fla. May 14, 2020), and the Fifth Amendment, *see Lawrence v. Colorado*, 2020 WL 2737811, at *10 (D. Colo. Apr. 19, 2020). Of course, each of these constitutional challenges turns on different facts and constitutional factors that may or may not come into play in this case. Moreover, any such claim arguably would be subject to a severance motion when paired with the existing claims against Travelers. Federal Rule of Civil Procedure 20(a) permits the joinder of defendants in one action where (1) the right to relief is asserted against them jointly, severally, or arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; *and* (2) a question of law or fact common to all parties arises in the action. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). If a plaintiff fails to meet both of these requirements, the Court may sever the improperly joined defendant so long as no substantial right will be prejudiced by the severance. *See id.* at 1350 (citing Federal Rule of Civil Procedure 21). Obviously, a constitutional challenge leveled against Davis would not raise issues of law or fact common to those against Travelers.

Given that Plaintiff makes only the vague assertion that it will address the "constitutionality" of the Davis Order in an amended pleading, it essentially requests that the Court comb the Constitution for a provision that the Davis Order may have violated, and then

---

[6] The Court does not opine as to whether any constitutional challenge to the Davis Order would succeed in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 6 of 9 |

determine hypothetically whether Plaintiff could plead new facts to state a claim under that provision.[7] The Court is aware of no fraudulent joinder decision that expands the fraudulent joinder rules that far. To the contrary, courts considering whether plaintiffs have fraudulently joined a defendant typically look only to the claims pled (or at least identified in the motion to remand briefing) to determine whether newly pled facts could possibly support those claims. *See, e.g.*, *Vieria v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1127–28 (C.D. Cal. 2019) (discussing whether a particular claim for products liability could succeed if re-pled). Were courts to dispose of that limitation, defendants removing a case on fraudulent joinder grounds would be forced to anticipate and defend against not only those claims that plaintiffs allege or advance, but also each and every potential claim in the vast constellation of civil causes of action recognized by the courts, regardless of what claims exist in the complaint. This would turn an already "heavy burden" for removing defendants, *Weeping Hollow*, 831 F.3d at 1113, into an impossible task, and would potentially eliminate the sham defendant doctrine itself.

In short, Plaintiff has simply not provided the Court with enough information for it to determine whether it can plausibly allege a constitutional violation against Davis, or whether settled law forecloses any such claim—or even whether such a claim, if it exists, could be joined with a claim against Travelers without the Court having to sever a party under Rule 21. *McCabe*, 811 F.2d at 1339. The Court cannot conclude that Plaintiff properly joined Davis under such circumstances.

**B.    Davis is a Dispensable Party**

Plaintiff also argues that, even if it fraudulently joined Davis, the Court must consider his citizenship for jurisdictional purposes because he is an indispensable party under Federal Rule of Civil Procedure 19. *See* MTR at 8–10; Fed. R. Civ. Proc. 19(a)(1). Under Rule 19, a party must be joined to an action if "that person's absence [means that] that court cannot accord complete relief among existing parties." Fed. R. Civ. Proc. 19(a)(1)(A). Plaintiff argues Davis' joinder is necessary because, without Davis' presence in the action, "Plaintiff cannot receive the declaratory relief sought including, but not limited to, an interpretation of Dr. Davis' order." MTR at 9.

Not so. As discussed above, Plaintiff requests no relief at all from Davis—it requests relief only against Travelers. *See* FAC at 11–12. And Davis does not need to be a part of this action for the Court to review what effect the Davis Order had on the contractual relationship

---
[7] Plaintiff's proposed amendment would amount to a complete about-face from its characterization of the Davis Order in its current pleading. *See* FAC at ¶¶ 25–26. (noting that the Orders were issued "[i]n order to protect the public," and "for the public good, welfare, and benefit")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|

| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 7 of 9 |
|---|---|---|---|

between Plaintiff and Travelers. Since excluding Davis from this action would not change the relief that Plaintiff seeks, or the Court's ability to award it, Rule 19 does not require the Court to retain Davis as a Defendant in this case. Moreover, at least one other circuit court considering whether government mandates have impacted business interruption coverage has determined that the official who issued the mandate was dispensable. *See S. Hosp., Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137 (10th Cir. 2004) (not including FAA officials in a breach of contract lawsuit after FAA orders impacted hotel operators' business after the September 11, 2001 attacks).[8]

### C.   Plaintiff Has Not Demonstrated that the Court Must Remand Based on Abstention Principles

As an alternative argument, Plaintiff requests that this Court remand its declaratory relief claim and abstain from deciding its other claims pending the declaratory relief claim's resolution in state court. MTR at 10-11. As a preliminary matter, Plaintiff cites no authority for the dubious proposition that the Court could partially remand the request for declaratory relief in the FAC, while abstaining on the remaining state law claims. Plaintiff's citation to *United Nat. Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102 (9th Cir. 2001), actually supports retention of federal jurisdiction. *R&D Latex* held that when a claim for monetary relief—like Plaintiff's claims for breach of contract and the implied covenant of good faith and fair dealing—give rise to federal jurisdiction independent of a claim for declaratory relief, courts should not remand the claim for declaratory relief. *Id*. at 1112, 1115. The Court has such jurisdiction here because, as discussed above, Plaintiff and Travelers are of diverse citizenship (and Davis is fraudulently joined) and the action places more than $75,000 in controversy. Moreover, Plaintiff's request for relief under its state law claims is not predicated on a successful resolution of its claim for declaratory judgment against Davis and courts "should discourage litigants from filing declaratory actions as a means of forum shopping." *Id.* at 1113-14.

Furthermore, although Plaintiff cites to many general abstention doctrines in its MTR, it makes no real effort to apply them to this case. *See* MTR at 10-12 (citing *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-501 (1941); *Quackenbush v. Allstate Ins. Co.*, 517 U.S.

---

[8] Plaintiff also argues that Davis' failure to consent to removal renders Travelers' removal procedurally improper. But because Davis was fraudulently joined and is not an indispensable party to this action, he did not need to consent to remove the action to this Court. *See* 28 U.S.C. § 1441(b)(2) (noting that an action removed based on diversity jurisdiction "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which the action is brought") (emphasis added); *United Computer*, 298 F.3d at 762 (noting that the so-called "rule of unanimity"—in which all defendants must consent to removal to federal court—does not apply when a defendant has been fraudulently joined). Accordingly, Travelers' removal to this Court was procedurally sound.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|

| Title | ***Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.*** | Page | 8 of 9 |
|---|---|---|---|

706, 719-720 (1996); *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361, (1989) (hereinafter referred to as "*NOPSI*"); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28, (1959)).  After Defendants argued in opposition that many of those doctrines do not apply here, Opp. at 20-24, Plaintiff changed its argument in its Reply.  *See* Reply at 9-11.  There, Plaintiff argues that two declaratory-relief-specific Ninth Circuit decisions militate in favor of abstention.  *See id*.  But courts do not consider arguments that moving parties raise for the first time in a reply brief because nonmoving parties have no chance to address them.  *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).  The Court will therefore consider only those abstention arguments that Plaintiff raised in its MTR.

*Pullman* abstention is not applicable to this case, because it permits federal courts to "refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions."  *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998) (citing *Pullman*, 312 U.S. at 501–02).  The issues in this case are not constitutional—they are matters of California contract and insurance law.  And even if the Court were to acknowledge Plaintiff's intent to plead some new, unidentified constitutional claim against Davis, Plaintiff has not explained how resolving the insurance and contract claims at issue could "moot or narrow" the constitutional question it plans to raise.  *Burford* abstention, as discussed in *Quackenbush* and *NOPSI*, "allows courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme."  *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001); *NOPSI*, 491 U.S. at 361 ("[t]he motivating force behind *Burford* abstention is . . . a reluctance to intrude into state proceedings where there exists a complex state regulatory system.").  There is no such state regulatory scheme at play here—only a dispute between an insured and an insurer about the scope of an insurance policy's coverage.

Plaintiff also makes a passing citation to *Colorado River*, under which courts should consider whether to abstain based on several non-exclusive factors:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4699-DMG (GJSx)** | Date | August 4, 2020 |
|---|---|---|---|
| Title | *Pez Seafood DTLA, LLC v. The Travelers Indemnity Co. et al.* | Page | 9 of 9 |

*Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). The factors themselves, and the heavy presumption against abstention under *Colorado River*, militate against Plaintiff's position. *See id.* Plaintiff has not demonstrated that this forum is "inconvenient" for any reason, and remanding the declaratory claim would result in piecemeal litigation before two separate courts. While the case turns on state law, federal courts "apply state insurance law . . . routinely" and without issue. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 844 n.3 (9th Cir. 2017). The adequacy of Plaintiff's relief will be the same whether it obtains that relief in federal or state court. Finally, the fact that Travelers removed the action to this Court, without more, does not suggest improper forum shopping—defendants are well within their rights to remove to federal court lawsuits over which federal courts have jurisdiction. Plaintiff therefore has not demonstrated that *Colorado River* abstention is necessary here.

*Thibodaux* abstention is appropriate when "state law apportioning power between the city and the state was uncertain, and any decision by the federal district court would affect state sovereignty." *City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1134 (9th Cir. 2002) (citing *Thibodaux*, 360 U.S. at 79). Again, this is simply not such a case. Plaintiff attempts to fit the proverbial square peg into a round hole by arguing that California regulates the insurance industry within its state and that, as a result, any decision in this case would affect a regulated area and therefore affect state sovereignty. But Plaintiff cites no authority supporting the notion that any lawsuit arising under a state law pertaining to a state-regulated industry implicates federal abstention principles. Were that the case, federal courts would abstain from deciding *any* lawsuit arising under diversity jurisdiction that deals with insurance, education, housing, or any other of the myriad industries that California regulates.

In sum, none of the abstention doctrines to which Plaintiff refers in its MTR require the Court to remand the declaratory relief claim and stay the remaining state-law claims. Plaintiff's claims may proceed in federal court.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants' MTR is **DENIED**.

**IT IS SO ORDERED**.